IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL M. JOHNSON, | : | 4:07-CV-01143 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| RUSSELL BAKER, PRESIDENT | : | |
| OF UNITED FOOD AND | : | |
| COMMERCIAL WORKERS LOCAL | : | |
| UNION 38, REPRESENTATIVE OF | : | |
| UNITED FOOD AND COMMERCIAL | : | |
| WORKERS INTERNATIONAL UNION | : | |
| | : | |
| Defendants. | | |

**O R D E R**

September 12, 2007

Before the court is defendants' Motion to Dismiss the Complaint, or in the alternative, Motion for More Definite Statement. Because we agree that plaintiff's Labor Management Relations Act claim is barred by the applicable statute of limitations, we will grant defendants' motion to dismiss as to that claim. We will grant plaintiff an opportunity to amend his complaint, however, to include a viable Americans with Disabilities Act claim against the union.

**BACKGROUND:**

On June 4, 2007, plaintiff Daniel M. Johnson filed his pro se complaint in

the Court of Common Pleas of Northumberland County.  On June 26, 2007, the defendants removed the matter to this court.

Plaintiff alleges that on February 26, 2006, he was told by his employer that he was "unfit for duty."  (Compl., at ¶ 1, Rec. Doc. No. 2.)  Although it is far from clear, it appears that plaintiff's unfit status resulted from a health problem.  Interested in returning to work, plaintiff attempted to solicit help from the United Food & Commercial Workers Local Union 38 ("Union").  On May 18, 2006, defendant Russell Baker, the president of the Union, allegedly called plaintiff to inform him that he was not suspended, but instead was on disability.  (Id. at ¶ 10.)  On that date, plaintiff alleges he realized that "[n]o help was coming from the Union Office."  (Id. at ¶ 11.)  Plaintiff proceeded to deal with his situation on his own, which resulted in plaintiff's facing criminal charges for harassment and terroristic threats. (Id. at ¶ 13, 15.)  Plaintiff alleges that although he was not found guilty of these charges, he incurred significant costs in defending himself.  Plaintiff claims that if he had received the proper help from the union, he would be gainfully employed.  He is suing for more than $1.8 million in damages.

On July 17, 2007, defendants filed their motion to dismiss, arguing that plaintiff's claims are barred by the applicable statute of limitations.  In the alternative, they argued that plaintiff's complaint is so vague that they cannot

frame a proper response and that plaintiff should at least be forced to file a clearer complaint. Plaintiff filed his response, which does not challenge the defendants' statute of limitations argument. Instead, plaintiff argues that defendants violated the Americans with Disabilities Act ("ADA") by failing to help him even though he suffers from a mental ailment. In their reply, not only do defendants challenge the legitimacy of such a claim, they also note that there is no allegation that plaintiff has adequately exhausted his administrative remedies, as is required for claims under the ADA. For the following reasons, we will grant in part defendants' motion to dismiss.

**DISCUSSION:**

*1. Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in

the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

"When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Comp., 147 F.3d 256, 259 (3d Cir. 1998) (citation omitted).

## 2. *Statute of Limitations*

Under the Labor Management Relations Act, a six-month statute of limitations period applies to a plaintiff's claim that his union breached its duty of fair representation. See 29 U.S.C. § 160(b); DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-171 (1983); Witt v. Roadway Express, 136 F.3d 1424 (10th Cir. 1998) (rejecting argument that the six-month limitation does not apply to stand-alone unfair representation claims). "The six-month period commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'"

Vadino v. A. Valey Eng'rs, 903 F.2d 253 (1990) (internal citations omitted). Normally, a statute of limitations defense is considered an affirmative defense that must be pled in an answer. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). In the Third Circuit, however, courts may consider such a defense at the motion to dismiss stage if the bar is apparent on the face of the complaint. Id.

It is apparent from the face of plaintiff's complaint that the applicable six-month statute of limitations bars his claim. Plaintiff alleges that on May 18, 2006, he realized that defendants were not going to help him get his job back. Therefore, May 18, 2006 represents the date on which plaintiff discovered the acts that constitute the basis for his cause of action. Yet, he did not file his complaint until more than a year later - June 4, 2007 - which is well past the applicable six-month limitations period. Therefore, plaintiff's claim is time-barred.

*3. Americans With Disabilities Act*

For the first time, plaintiff alleges in his responsive brief that the union is in violation of the ADA because it did not help him get his job back, despite his mental ailments. ADA liability extends to labor organizations such as the defendant union. See 42 U.S.C. § 12112(a); Jones v. Am. Postal Workers Union, 192 F.3d 417, 423-27 (4th Cir. 1999). Before filing such a claim in court, however, an employee must first file with the Equal Employment Opportunity

Commission ("EEOC") within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)[1] (expressly adopted procedure for the ADA pursuant to 42 U.S.C. § 12117(a)).

As plaintiff is proceeding pro se, we will give him the benefit of the doubt, and will allow plaintiff an opportunity to amend his complaint to include an ADA claim against the defendants. To do so, plaintiff must not only allege facts sufficient to support an ADA claim, he must also include allegations and proof that he filed a claim with the EEOC within 300 days of May 18, 2006, i.e. the day of the alleged discriminatory act. A copy of the EEOC filing would suffice as proof. Plaintiff will have twenty days from the date of this order to comply. Failure to do so will result in dismissal of the entire action.

---

[1] Because Pennsylvania is a deferral state, the time for filing is extended from 180 days to 300 days. Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413-15 (3d Cir. 1991).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants Motion to Dismiss the Complaint is granted in part. (Rec. Doc. No. 12.)

2. Plaintiff's breach of duty of fair representation claim under the LMRA is dismissed with prejudice because it is barred by the applicable six-month statute of limitations.

3. Plaintiff shall have until October 2, 2007 to file an amended complaint that includes a properly pled Americans with Disabilities Act claim. Plaintiff is also directed to attach proof that he has filed a similar claim with the EEOC within 300 days of May 18, 2006.

4. Failure of the plaintiff to comply timely with paragraph 3 of this order will result in dismissal of the entire complaint, with prejudice, for failure to prosecute and for failure to comply with a court order.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge